Shirley A. RECCKO

v.

**CRISS CADILLAC COMPANY, INC., et al.**

**No. 90–240 Appeal.**

Supreme Court of Rhode Island.

March 29, 1991.

J. Ronald Fishbein, Providence, for plaintiff.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, Providence, for defendants.

OPINION

PER CURIAM.

On March 4, 1991, the litigants appeared before this court to show cause why their appeals from a Superior Court judgment entered in favor of the defendant, Criss Cadillac Company, Inc. (Criss Cadillac), on the issue of punitive damages and in favor of the plaintiff, Shirley A. Reccko (Reccko), on the issue of compensatory damages should not be denied and dismissed.

The facts of this case indicate that in November 1980, Reccko purchased a 1980 Cadillac Coup de Ville from Criss Cadillac. She subsequently learned that the car had previously been sold and that it had been involved in an accident. When Reccko learned of the Coup de Ville's history, she brought suit.

Criss Cadillac sought summary judgment on the grounds that Reccko had elected the remedy of rescission and could not pursue other remedies. The trial justice had granted the motion, but on appeal this court thought otherwise, finding that Reccko had accepted the refund solely in mitigation of her damages and not as an offer to rescind the contract. See *Reccko v. Criss Cadillac Co.*, 551 A.2d 20 (R.I. 1988).

Upon remand, a trial was held before a Superior Court jury. At the conclusion of the trial, Criss Cadillac moved for a directed verdict on the issue of punitive damages. The trial justice reserved ruling on the motion, and the case was considered by the jury. The jury found that Criss Cadillac, through its employee, was guilty of fraud and ordered payment of $261.35 in compensatory damages. In addition the jury concluded that Criss Cadillac had authorized the acts of its employee and awarded Reccko punitive damages of $50,-000. The trial justice then granted Criss Cadillac's motion for a directed verdict, ruling that there was no evidence that the automobile agency had "participated in, authorized, or ratified the actions of" its salesperson. *See AAA Pool Service & Supply, Inc. v. Aetna Casualty and Surety Co.*, 479 A.2d 112, 116 (R.I.1984).

It is the opinion of this court after examination of the record that cause has been shown. The case is returned to the regular calendar for full argument and briefing. The plaintiff's brief is due within forty days of the date of this order. Criss Cadillac's brief is due twenty days after receipt of the plaintiff's brief.